UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

|  |  |  |
|---|---|---|
| AMERICAN SENTINEL INSURANCE COMPANY, | ) ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) | C.A. No. _____ |
| MVJK GROUP, INC.; GREAT WEST CASUALTY COMPANY; ABEID FELEKINI; CHRISTINA ST. ONGE, as Personal Representative of the ESTATE OF ASHLEY ST. ONGE; and NICHOLAS HADLEY, | ) ) ) ) ) ) ) ) |  |
| Defendants. | ) ) |  |

## COMPLAINT FOR DECLARATORY JUDGMENT

### JURISDICTION AND VENUE

1. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

2. This Court has original jurisdiction over this action by reason of diversity of citizenship between the plaintiff and the defendants pursuant to 28 U.S.C. § 1332. Upon information and belief, the amount in controversy exceeds $75,000.

### PARTIES

3. The plaintiff, American Sentinel Insurance Company ("American Sentinel"), is a capital stock casualty insurance company organized under the laws of the Commonwealth of Pennsylvania with its principal place of business in Harrisburg, Pennsylvania.

4. The defendant, MVJK Group, Inc. ("MVJK"), is a corporation organized under the laws of the State of Texas with its principal place of business in Spring, Texas.

5. The defendant, Great West Casualty Company ("Great West"), is a capital stock casualty insurance company organized under the laws of the State of Nebraska with its principal place of business in South Sioux City, Nebraska.

6. The defendant, Abeid Felekini, is an individual who, upon information and belief, resides in Burlington, Vermont.

7. The defendant, Christina St. Onge, as Personal Representative of the Estate of Ashley St. Onge, is an individual who, upon information and belief, resides in Methuen, Massachusetts.

8. The defendant, Nicholas Hadley, is an individual who, upon information and belief, resides in Derry, New Hampshire.

## FACTS

9. American Sentinel issued Commercial Package Policy No. FCT000574-01 to MVJK. (A certified copy of this policy is attached as Exhibit A.)

10. Christina St. Onge, as Personal Representative of the Estate of Ashley St. Onge, and Nicholas Hadley ("Claimants") brought an action (the "underlying action"), entitled, <u>Christina St. Onge, as Personal Representative of the Estate of Ashley St. Onge, and Nicholas Hadley v. MVJK Group, Inc. and Abeid K. Felekini</u>, originally filed in Middlesex Superior Court for the Commonwealth of Massachusetts on or about June 12, 2018.

11. The underlying action was removed to the United States District Court for the District of Massachusetts by MVJK on or about July 26, 2018, and was docketed as <u>Christina St.</u>

<u>Onge, as Personal Representative of the Estate of Ashley St. Onge, and Nicholas Hadley v. MVJK Group, Inc. and Abeid K. Felekini</u>, C.A. No. 18-cv-11583-WGY.

12. On or about October 29, 2018, the United States District Court for the District of Massachusetts entered an order transferring the underlying action to the United States District Court for the District of New Hampshire. The case was docketed in the United States District Court for the District of New Hampshire as <u>Christina St. Onge, as Personal Representative of the Estate of Ashley St. Onge, and Nicholas Hadley v. MVJK Group, Inc. and Abeid K. Felekini</u>, C.A. No. 18-cv-01025. (A copy of the complaint in the underlying action, as included in the removed and transferred action, is attached as Exhibit B.)

13. In the underlying action, the Claimants allege that Felekini "improperly operated [a] tractor-trailer, causing it to lose control, jackknife, and collide with the rear of St. Onge's vehicle, [Ashley] St. Onge, and Hadley." According to the underlying complaint, as a result of the collision, Ashley St. Onge died and Hadley suffered severe injuries. The Claimants allege that the tractor-trailer unit was "controlled, directed, and dispatched" by MVJK.

14. In the underlying action, Claimant Christina St. Onge asserted four claims against MVJK: Negligence, Wrongful Death, Gross Negligence and Reckless Conduct, and Conscious Pain and Suffering. Claimant Hadley asserted two claims against MVJK: Negligence and Negligent Infliction of Emotional Distress.

15. American Sentinel is defending MVJK for the claims brought by the Claimants, subject to a reservation of rights to deny coverage in the future.

16. American Sentinel denies that the tractor-trailer unit was "controlled, directed, and

3

dispatched" by MVJK at the time of the collision.

17. Prior to the collision, Felekini made a delivery in North Reading, Massachusetts. He was offered a new load to deliver to Saratoga Springs, New York, but Felekini declined the new load.

18. Instead, at the time of the collision, Felekini was traveling through New Hampshire toward Vermont for personal reasons.

19. At the time of the collision, Felekini was not operating the tractor trailer for any business purpose of MVJK, or for any benefit to MVJK.

20. Upon information and belief, Great West is providing a defense to Felekini under a complete reservation of rights under a non-trucking liability policy.

## CLAIM FOR DECLARATORY RELIEF

21. American Sentinel incorporates by reference the preceding paragraphs of the Complaint for Declaratory Judgment as if fully set forth herein.

22. This is a civil action for declaratory relief arising from a demand for relief made by the Claimants against MVJK in the underlying action and Great West's request that American Sentinel participate in the defense of Felekini in the underlying action.

23. American Sentinel seeks a declaration of its right, duties, and liabilities under the applicable policy of insurance with respect to the underlying action.

## THE POLICY OF INSURANCE

24. American Sentinel incorporates by reference the preceding paragraphs of the Complaint for Declaratory Judgment as if fully set forth herein.

25. American Sentinel issued Commercial Package Policy No. FCT000574-01 to MVJK for Motor Carrier Liability for the policy period November 1, 2017 to November 1, 2018 (the

"American Sentinel Policy"). The limits of liability are $1,000,000 per accident.

26. The American Sentinel Policy does not provide coverage for the claims asserted in the underlying action.

## COUNT I

27. American Sentinel incorporates by reference the preceding paragraphs of the Complaint for Declaratory Judgment as if fully set forth herein.

28. Under the American Sentinel Policy, **SECTION II – COVERED AUTOS LIABILITY COVERAGE**, provides:

    **A. Coverage**

    We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

29. The injuries alleged in the underlying action do not "result[] from the ownership, maintenance or use of a covered 'auto.'"

30. Pursuant to Section II.A., American Sentinel does not cover claims that do not "result[] from the ownership, maintenance or use of a covered 'auto.'"

31. Accordingly, American Sentinel has no obligation to indemnify MVJK in connection with the underlying action.

32. An actual controversy exists between American Sentinel and the defendants as to whether the Policy provides coverage to MVJK in connection with the underlying action.

33. American Sentinel seeks a declaratory judgment that it does not owe indemnity to MVJK in the underlying action.

## COUNT II

34. American Sentinel incorporates by reference the preceding paragraphs of the Complaint

for Declaratory Judgment as if fully set forth herein.

35. The American Sentinel Policy includes an Endorsement for Motor Carrier Polices of Insurance for Public Liability Under Sections 29 and 30 of the Motor Carrier Act of 1980 ("Form MCS-90"). Form MCS-90 provides:

> [T]he insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere.

36. Form MCS-90 does not apply if the tractor-trailer at issue is not being used to transport cargo.

37. At the time of the collision alleged in the underlying action, Felekini was not transporting cargo for MVJK but was instead operating the tractor trailer for personal reasons.

38. Accordingly, American Sentinel has no obligation to indemnify MVJK in connection with the underlying action under Form MCS-90.

39. An actual controversy exists between American Sentinel and the defendants as to whether the Policy provides coverage to MVJK under Form MCS-90 in connection with the underlying action.

40. American Sentinel seeks a declaratory judgment that it does not owe indemnity to MVJK in the underlying action.

## COUNT III

41. American Sentinel incorporates by reference the preceding paragraphs of the Complaint for Declaratory Judgment as if fully set forth herein.

42. Under the American Sentinel Policy, **SECTION II – COVERED AUTOS LIABILITY**

**COVERAGE**, provides:

**B. Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

**1. Who Is an Insured**

The following are "insureds".
a. You for any covered "auto".
b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:
(1) The owner or any "employee", agent or driver of the owner, or anyone else from whom you hire or borrow a covered "auto".

43. Felekini was the owner or an employee, agent, or driver of the owner of the tractor at the time of the collision.

44. Pursuant to Section II.B.1.b.1 of the American Sentinel Policy, the definition of insured does not include owners or any employees, agents, or drivers of the owner.

45. Accordingly, American Sentinel has no obligation to defend or indemnify Felekini in connection with the underlying action.

46. An actual controversy exists between American Sentinel and the defendants as to whether the Policy provides coverage to Felekini in connection with the underlying action.

47. American Sentinel seeks a declaratory judgment that it does not owe a defense or indemnity to Felekini in the underlying action.

## COUNT IV

48. American Sentinel incorporates by reference the preceding paragraphs of the Complaint for Declaratory Judgment as if fully set forth herein.

49. The American Sentinel Policy contains a Punitive Damages Exclusion Endorsement, which provides in part that:

> This policy does not cover fines, penalties, damages multiplied by operation of law, or punitive damages or exemplary damages. This exclusion applies regardless of whether the damages are based upon the insured's conduct or the conduct of some other party for whom the insured may be legally responsible.
>
> If the exclusion of punitive or exemplary damages is not permitted by the law of the state in which a claim for punitive or exemplary damages is brought, then this exclusion shall limit those damages to the extent permitted by law. In no event shall the total of compensatory and punitive or exemplary damages be payable in excess of the limit of insurance provided herein.

50. The underlying complaint seeks the award of punitive damages against MVJK and Felekini.

51. Even if the American Sentinel Policy provides coverage to MVJK or Felekini for the claims in the underlying complaint, which American Sentinel denies, the Punitive Damages Exclusion Endorsement to the American Sentinel Policy excludes for any punitive damages that may be awarded in the underlying action.

52. An actual controversy exists between American Sentinel and the defendants as to whether the American Sentinel Policy may provide coverage for punitive damages.

53. To the extent that American Sentinel Policy provides coverage to MVJK or Felekini, it seeks a declaratory judgment punitive damages are not covered under the American Sentinel Policy.

## **PRAYER FOR RELIEF**

Wherefore, the plaintiff, American Sentinel Insurance Company, respectfully requests that this Court enter an Order declaring that:

A. American Sentinel Insurance Company has no obligation to indemnify defendant MVJK Group, Inc. in the underlying action.

B. American Sentinel Insurance Company has no obligation to defend or indemnify defendant Abeid Felekini in the underlying action.

C.  American Sentinel Insurance Company has no obligation to Christina St. Onge, as Personal Representative of the Estate of Ashley St. Onge, and/or Nicholas Hadley for any damages they allegedly suffered as claimed in the underlying action.

D.  To the extent that the American Sentinel Policy provides any coverage to MVJK or Felekini, it does not cover punitive damages.

The plaintiff, American Sentinel Insurance Company, respectfully requests that the Court award such other and further relief as the Court deems just and proper.

Respectfully submitted,

The Plaintiff,
**AMERICAN SENTINEL INSURANCE COMPANY**,
By Its Attorneys,

Dated: January 17, 2019          /s/ Adam B. Pignatelli
                                 Adam B. Pignatelli, NH Bar #20211
                                 abp@rathlaw.com
                                 **RATH, YOUNG AND PIGNATELLI**, **P.C.**
                                 One Capital Plaza
                                 Concord, NH 03301
                                 (603) 226-2600


Dated: January 17, 2019          /s/ Robert C. Shindell
                                 Robert C. Shindell
                                 rshindell@bglaw.com
                                 (Pro Hac Vice Motion Forthcoming)
                                 Derek M. Gillis
                                 dgillis@bglaw.com
                                 (Pro Hac Vice Motion Forthcoming)
                                 BARTON GILMAN, LLP
                                 160 Federal Street, 10th Floor
                                 Boston, MA 02110
                                 617.654.8200 | 617.482.5350 fax